UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELINDA CHANDLER | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:17-cv-3094 |
| | ) |
| ELDER'S JOURNEY HOME CARE, LLC | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**COMPLAINT – WITH JURY DEMAND**

Plaintiff Melinda Chandler, by counsel, for her Complaint against Defendant Elder's Journey Home Care, LLC, states as follows:

**JURISDICTION AND VENUE**

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, and the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 26 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117(a).

3. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Melinda Chandler ("Chandler") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Monroe County, Indiana.

5. During the course of her employment at Elder's Journey Home Care, LLC ("Elder's Journey"), Chandler was an "employee" of Elder's Journey within the meaning of the ADA, as amended by the ADAAA, 42 U.S.C. § 12111(4).

6. At all times relevant to this Complaint, Chandler was an "eligible employee" of Elder's Journey within the meaning of the FMLA, 29 U.S.C. § 2611(2).

7. Defendant Elder's Journey is a limited liability corporation, which conducts business within the territorial jurisdiction of this Court from its facilities located at 4211 East Third Street, Bloomington, Indiana 47401.

8. Elder's Journey employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, as amended by the ADAAA, 42 U.S.C. § 12111(5).

9. Elder's Journey employs more than fifty (50) employees and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

## FACTS

10. Melinda Chandler began working at Elder's Journey in March 2015.

11. Chandler suffers from ankylosing spondilitis.

12. Ankylosing spondilitis is an inflammatory disease of the spine that affects one or more of Chandler's major life activities within the meaning of the ADAAA.

13. Ankylosing spondilitis is a serious health condition within the meaning of the FMLA.

14. At the time of her termination, Chandler worked as a scheduling assistant at Elder's Journey.

15. Chandler occasionally required leave to be treated for ankylosing spondilitis.

16. Chandler was able to perform all her duties at Elder's Journey with a reasonable accommodation that permitted her occasional leave for medical treatment or to recover from

flare-ups of her ankylosing spondilitis.

17. Chandler was certified for intermittent FMLA leave due to her ankylosing spondilitis.

18. On December 27, 2016, Chandler's ankylosing spondilitis flared up, and she took intermittent FMLA leave because she was unable to work.

19. On December 28, 2016, Chandler took intermittent FMLA leave to see her treating physician for her ankylosing spondilitis.

20. Chandler was terminated when she returned to work on December 29, 2016.

21. Chandler was terminated because she has a disability, a record of disability, and/or a perceived disability and because she took FMLA absences in connection with her disability.

## ADMINISTRATIVE PROCEDURES

22. On February 21, 2017, Chandler initiated a complaint of discrimination on the basis of disability against Elder's Journey with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2017-01252.

23. On June 8, 2017, the EEOC issued Chandler a Notice of Right to Sue.

24. Chandler had ninety (90) days from her receipt of the Notice of Right to Sue to file her Complaint, which time has not passed.

## COUNT I - DISCRIMINATION ON THE BASIS OF DISABILITY

25. All previous paragraphs are hereby incorporated by reference.

26. Chandler is a qualified individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

27. Chandler has a record of disability and was regarded as having a disability by Defendant within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

28. Elder's Journey engaged in unlawful discrimination on the basis of disability when it terminated Chandler because of her disability, record of disability, and/or perceived disability.

29. Elder's Journey has engaged in discriminatory treatment of Chandler on the basis of disability and has acted with malice or reckless disregard of Chandler's rights as a disabled employee in violation of the Americans with Disabilities Act, as amended.

## COUNT II - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

30. All preceding paragraphs are incorporated herein by reference.

31. At all relevant times, Chandler suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

32. The FMLA prohibits employers from interfering with, restraining or denying the exercise of or the attempt to exercise, any right provided by the FMLA.

33. Elder's Journey willfully and intentionally interfered with, restrained, and/ or denied Chandler's right to take FMLA leave by terminating her in retaliation for her use of FMLA leave.

**WHEREFORE**, Plaintiff Melinda Chandler prays for the judgment of this Court against Defendant Elder's Journey, as follows:

A. An award of back pay with prejudgment interest for the salary and other employment benefits

and opportunities that the Plaintiff has lost as a result of the Plaintiff's termination from employment with the Defendant.

B. Compensatory damages in an amount to be determined by a jury to compensate Plaintiff for the emotional distress, mental anguish, and non-pecuniary losses that she has suffered because of Defendant's discriminatory conduct.

C. Punitive damages in an amount to be determined by a jury.

D. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the FMLA was willful.

E. An order directing the Defendant to reinstate the Plaintiff.

F. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of front pay and damages to compensate the Plaintiff for the losses that she reasonably will sustain as the result of being denied continued employment with the Defendant.

G. An award of reasonable attorneys fees and costs.

H. Such other relief as may be just and proper.

    Respectfully submitted,

    **MACEY SWANSON LLP**

    _____
    Jeffrey A. Macey, Atty No. 28378-49
    Attorney for Plaintiff Melinda Chandler

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

_____
Jeffrey A. Macey, Atty No. 28378-49
Attorneys for Plaintiff Melinda Chandler

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com